UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------------x

HENRY F. HEWES

                     Plaintiff,

                    v.

ALABAMA SECRETARY OF STATE, ARIZONA CORPORATION COMMISSION, ARKANSAS SECRETARY OF STATE, CALIFORNIA SECRETARY OF STATE, COLORADO SECRETARY OF STATE, CONNECTICUT SECRETARY OF STATE, DELAWARE SECRETARY OF STATE, DISTRICT OF COLUMBIA CONSUMER & REGULATORY AFFAIRS, FLORIDA SECRETARY OF STATE, GEORGIA SECRETARY OF STATE, IDAHO SECRETARY OF STATE, ILLINOIS SECRETARY OF STATE, INDIANA SECRETARY OF STATE, IOWA SECRETARY OF STATE, LOUISIANA SECRETARY OF STATE, MAINE STATE DEPARTMENT, MARYLAND SECRETARY OF STATE, MASSACHUSETTS SECRETARY OF STATE, MICHIGAN SECRETARY OF STATE, MINNESOTA SECRETARY OF STATE, MISSISSIPPI SECRETARY OF STATE, MISSOURI CORPORATIONS DIVISION, MONTANA SECRETARY OF STATE, NEBRASKA SECRETARY OF STATE, NEW JERSEY DIVISION OF REVENUE, NEW MEXICO CORPORATIONS DIVISION, NEW YORK DEPARTMENT OF STATE, NORTH CAROLINA SECRETARY OF STATE, OHIO SECRETARY OF STATE, OKLAHOMA SECRETARY OF STATE, OREGON SECRETARY OF STATE, PENNSYLVANIA SECRETARY OF STATE, RHODE ISLAND SECRETARY OF STATE, SOUTH CAROLINA SECRETARY OF STATE, SOUTH DAKOTA SECRETARY OF STATE, TENNESSEE SECRETARY OF STATE, TEXAS SECRETARY OF STATE, UTAH DEPARTMENT OF COMMERCE, VERMONT SECRETARY OF STATE, VIRGINIA SECRETARY OF STATE, WASHINGTON SECRETARY OF STATE, WEST VIRGINIA SECRETARY OF STATE, WISCONSIN SECRETARY OF STATE, and WYOMING SECRETARY OF STATE

                    Defendants.

---------------------------------------------------------------------x

**Case No.: 19 CV 9158**

**AMENDED COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF**



## INTRODUCTION

I have mailed a letter to each of Secretary of State or relevant entity of several states. That letter requested that my name be put on the ballot and a copy is attached hereto. Plaintiff is challenging defendants because they place undue burdens on ballot access for candidates for public office. Plaintiff's rights are protected by the First and Fourteenth Amendments of the United States of Constitution. The relief sought in this case is an Order for Declaratory and Injunctive Relief compelling Defendants to place the name of all candidates for the nomination for President on the Democratic Primary Ballot if they are registered with the Federal Election Commission and request to be included on the ballot in a timely manner.

## JURISDICTION AND VENUE

1. This Court has jurisdiction over this case pursuant to Article III of the United States Constitution and 28 U.S.C. §§ 1331 and 1343(a)(3) and (4).

2. This suit is authorized by 42 U.S.C. §1983.

3. Declaratory and injunctive relief is authorized by 28 U.S.C. §§ 2201 and 2202, and Rule 65 of the Federal Rules of Procedure.

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. §1391(b).

5. The objections based on the supposed requirements of New York State law that require physical presence in the state of the defendants are misstated. The SOS of states outside of NY mentioned in its complaint are subject to the jurisdiction of the court as governmental entities taking action at will infringe on the civil rights of the plaintiff in the several states. Plaintiff has requested that each of the SOS place his name on the ballot for democratic nomination for president of the United States. SOS have either ignored or denied this request.

In this action denying plaintiff's request to be on the ballot, each of these SOS has taken a clear action that deprives plaintiff of his civil rights. This is true in both cases where that they will not be placing him on the ballot and in the case where they have decided not to place him on the ballot and have not informed him.

6.      In the case of the states where the proper defendant is not the SOS but is another institution, this amended complaint has been served on the appropriate entities in the states of Delaware, Illinois, New York, South Carolina, Maine, New Jersey, New Mexico, Virginia and Wisconsin.

7.      Plaintiff has a clear right to participate in the election unless the state can demonstrate that it has a legitimate governmental purpose from excluding plaintiff from the ballot and this purpose can only be achieved through demonition of his civil rights. Plaintiff is campaigning in all fifty states and being deprived the right to appear on any of the ballots is a clear demonition of his civil rights. In order for states to not list plaintiff on the ballot, they would have to demonstrate to the court that there is a valid governmental purpose in limiting the number of candidates on the ballots. It is so important that it merits this extreme action of the several states to keep the number of candidates on the ballot to 1, 2, 3 or 5 as oppose to open access to the ballot.

## PARTIES

8.      Plaintiff Henry F. Hewes is a natural born citizen of the United States, is 70 years old, resides and is a voter in the State of New York and a registered member of the Democratic Party who registered his candidacy for the Democratic Nomination for President of the United States in 2016 with the Federal Election Commission.

9.    Secretary of State and is being sued herein in his/her official capacity.  He/She is the chief election officer of their state and the person who must determine whether to place Plaintiff Henry Hewes' name on the ballot, and how to do so.  He also has the responsibility to adhere to and enforce the Statues challenged in this complaint governing access by a Democratic candidate for President.  He also has supervisory authority over all election officials, is required to receive returns, canvas and certify results, certify nominations of Democratic candidates, maintain election records, and assist local election officials.

## THE CHALLENGED LAWS AND THE FACTS

10.    The election laws in the states in question have as its stated public purpose promoting free and fair participation in the electoral process.

11.    The intent of the laws in question that allow the Secretary of State to place candidates on the ballot is to allow candidates to bypass a highly burdensome petition process that is held out as an alternative path to ballot access in these states.

12.    The Supreme Court has found that the right to ballot access is associated with the right to vote, and as such, it is a fundamental constitutional right that is subject to the strict scrutiny standard.  Decisions to restrict ballot access require a demonstration by the government that a valid governmental interest can only be achieved by the limitation of the constitutional right in question.

13.    There would be no meaningful burden imposed on the states in question by a requirement to include names of all registered candidates on their presidential ballots.  This is true both in terms of financial and administrative burden.

14.    This strict scrutiny standard would require demonstration of an important government interest that can be advanced only by restriction of a protected Constitutional right.

It is clearly the obligation of the government to demonstrate that the legitimate interest exists and can only be achieved by an intrusion on a constitutionally protected right.

15.    The current system of ballot qualification in the 50 states is complex and varies from state to state.  It is generally accepted and is not disputed by any rational party that it is virtually impossible for a candidate to appear on all these ballots unless he or she is favored by the national party and the media.

16.    The legitimate interest of government is to allow the widest possible range of choice in elections and to cut restrictions on ballot access to an absolute minimum.  This interest is no way promoted or advanced by limiting the Constitutional right to vote or to appear on the ballot.

17.    The Federal Election Committee (FEC) has a list of people who have registered as candidates for President.  Even if all these candidates wanted to appear on Presidential Ballots and could satisfy some reasonable bureaucratic burden to comply with non-restrictive ballot access systems, the burden for states in putting all qualified candidates requesting ballot access on the Presidential Ballot, this would not be a substantial or unreasonable burden on the states.

18.    In fact, California offers virtually open access on Presidential Primary Ballots without any problems.  This demonstrates that open access to a general election ballots is possible.

19.    All primary elections are run by state governments and are subject to constitutional restrictions that limit government actions.  The circumstance where state law seeks to delegate ballot access to political parties is clearly unacceptable.

20.    The current standards used by the states require Secretaries of State to use clearly improper standards for deciding who may appear on the ballot.  These standards include:

(a)    Amount of campaign contributions raised by the candidate.

(b)     Whether the candidate has been approved by the national party, and debate sponsors to appear in televised debates.

(c)     Whether the Secretary of State believes the candidate is publicly known.

(d)     Is the candidate willing to pay a ballot access fee unrelated to actual state costs of ballot inclusion?

(e)     Whether the name of the candidate is approved by the State Party.

21.     All of these standards are counterproductive in the context of the strict scrutiny standard they cater to the political attitudes of election officials, and are designed to limit rather than expand ballot access.

22.     The best evidence of the burdensome nature of the current system is that the number of candidates obtaining ballot access in the Democratic Presidential Ballot in all 50 states in 2016 can be counted on one hand (*see Exhibit A*). No candidate using the petition process to gain ballot access in all 50 states was successful.

23.     Plaintiff Henry Hewes has filed with the FEC as a candidate for United States President in 2020 and is recognized by the FEC as a candidate. As such, he is subject to all federal government rules and restrictions imposed by the FEC. As such, he was officially recognized as a candidate by the federal government. He is a candidate in each of the fifty states in 2020.

(a)     The failure of the Court to grant the requested Order would result in irreparable harm to Plaintiff, and in that he would lose his opportunity to appear on the ballot in each of the fifty states. The damage done by this infringement would be impossible to redress by any other means.

(b)     The probability of success based on the merits of the case is clearly in Plaintiff's favor.

6

(c)    The requested order would not impose any meaningful burden on Defendants or the states they represent, and would in fact, be consistent with the stated intent of the election laws in the states in question

24.    Plaintiff in fact does have a civil right under the constitution of the United States first and fourteenth amendment to vote in the 2020 Presidential election in each of the states that decide to hold the primary.  Derivative from this right, the right to vote and appear on this ballot, plaintiff has standing in this matter. Plaintiff will in fact suffer an injury from not being able to appear on the ballot.  He has requested that his name be placed on each of the fifty ballots will campaign in each of the fifty states either personally or digitally.  The plaintiff alleges that the obstacles placed before candidates seeking to appear on the ballots are a violation of the constitution.  He has filed a request with each state to place his name on the ballot.

25.    Because of Courts have repeatedly recognized the states right to organize ballot access, does not mean that the states have been given the right to keep candidates off the ballots when federally recognized candidates request ballot access and providing such ballot access in no way places administrative or financial burden on the states.  It is the obligation of the states in question, to demonstrate why they need to limit ballot access in ways that they do in order to hold free and fair elections. _Storer v. Brown, 415 U.S. 724, 730 (1974)_ states that there must be a substantial regulation of elections if there are to be fair and honest and some sort of order rather than chaos to accompany the democratic process. However, it is up to the states to demonstrate that the order and regulation being imposed is the absolute minimum necessary to achieve some sort of order in the process.  The restrictions the states are permitted to put on the ballot in the general election are irrelevant to the issue of what restrictions states may place on the ballot for primary elections.

**RELIEF REQUESTED**

**WHEREFORE**, Plaintiff respectfully prays that this Court:

(1)    Accepts jurisdiction over this case;

(2)    The probability of success based on the merits of this case is clearly in Plaintiff's favor.

(3)    An Order for Declaratory and Injunctive Relief compelling Defendants to place Henry F. Hewes and the name of all candidates for the nomination for President on the Democratic Primary Ballot if they are registered with the Federal Election Commission and request to be included on the ballot in a timely manner;

(4)    The requested Order would not impose any meaningful administrative or financial burden on the Defendants or the states that they represent and should in fact, be consistent with stated intent of the election laws of the states in question.

(5)    Plaintiff request that the Court issue an Order to Show Cause to the Defendants in this case, giving them five (5) days to show why they should not be required to place the names of individuals who are registered as FEC candidates and who request that their name be placed on the ballot on the the Democratic Primary Ballot for 2020.

(6)    The failure of the Court to grant the requested Order would result in irreparable harm to Plaintiff.  In that, he would lose his opportunity to participate in the election and in fact, would infringe on his fundamental constitutional right to ballot access.

8

(7)    The Democratic Primaries begin in February 2020 and ballot preparation begins in November 2019.  There is clearly not enough time for this case to be argued in the Court and to be finally adjudicated.    Only judicial intervention at this point can adequately protect the constitutional rights of the Plaintiff and other potential candidates.

Dated: New York, New York
        January 21, 2020

Respectfully,

Henry F. Hewes
515 Madison Avenue, Suite 22b
New York, New York
Telephone:  (212) 750-4126
Email:
Email:   electhenryhewes2020@gmail.com

9

**TO:**

| | | |
|---|---|---|
| **ALABAMA::** | | Misty S. Fairbanks Messick<br>Assistant Attorney General<br>Office of the Attorney General of Alabama<br>501 Washington Avenue<br>Post Office Box 300152<br>Montgomery, Alabama 36130-0152 |
| | | |
| **ILLINOIS:** | | Sarah H. Newman<br>Assistant Attorney General<br>Office of the Attorney General of Illinois<br>100 W. Randolph Street – 13th Floor<br>Chicago, Illinois 60601<br><br>*Illinois State Board of Elections<br>2329 S. MacArthur Blvd<br>Springfield, IL 62704<br><br>*Illinois State Board of Elections<br>100 W. Randolph - Suite 14-100<br>Chicago, Illinois 60601 |
| | | |
| **CONNECTICUT:** | | Maura Murphy Osborne<br>Assistant Attorney General<br>Office of the Attorney General of Connecticut<br>165 Capitol Avenue<br>Hartford, CT 06106 |
| | | |
| **COLORADO:** | | Leann Morrill<br>First Assistant Attorney General<br>Public Officials Unit / State Services Section<br>Colorado Attorney General Office<br>1300 Broadway, 10th Floor<br>Denver, CO 80203 |
| | | |
| **DELAWARE:** | | Ilona M. Kirshon<br>Deputy Attorney General<br>Office of the Attorney General of Delaware<br>820 French Street, 6th Floor<br>Wilmington, DE 19801<br><br>*James A. Sterling - Board Secretary<br>Delaware Board of Elections<br>Office of the State Elections Commission<br>9055 Governors Avenue<br>Dover, DE 19904 |

| | | |
|---|---|---|
| **IDAHO:** | | Robert A. Berry<br>Deputy Attorney General<br>State of Idaho<br>Office of the Attorney General of Idaho<br>Civil Litigation Division<br>P.O. Box 83720<br>Boise, Idaho 83720-0010 |
| | | |
| **MARYLAND:** | | Andrea W. Trento<br>Assistant Attorney General<br>Office of the Attorney General of Maryland<br>200 Saint Paul Place<br>Baltimore, MD 21202 |
| **MASSACHUSETTS:** | | Abigail Fee<br>Assistant Attorney General<br>Office of the Attorney General of Massachusetts<br>Government Bureau / Trial Division<br>One Ashburton Place, Room 1813<br>Boston, MA 02108 |
| | | |
| **MICHIGAN:** | | Neil Giovanatti<br>Assistant Attorney General<br>Office of the Attorney General of Michigan<br>P.O. Box 30736<br>Lansing, MI 48909 |
| | | |
| **NEBRASKA:** | | Katherine O'Brien<br>Assistant Attorney General<br>Office of the Attorney General of Nebraska<br>2115 State Capitol<br>Lincoln, NE 68509 |
| | | |
| **NEW JERSEY:** | | David M. Puteska<br>Deputy Attorney General<br>Office of the Attorney General of New Jersey<br>Division of Law<br>25 Market Street<br>Post Office Box 112<br>Trenton, NJ 08625<br><br>*Donna Barber<br>Elections Manager<br>Division of Elections<br>State of New Jersey<br>Post Office Box 304<br>Trenton, New Jersey 08625-0304 |

11

| | | |
|---|---|---|
| | | |
| **NEW YORK:** | | Roderick L. Arz<br>Assistant Attorney General<br>Office of the Attorney General of New York<br>28 Liberty Street<br>New York, New York 10005<br><br>*New York State Board of Elections<br>Executive Office<br>32-42 Broadway – 7th Floor<br>New York, New York 10004 |
| | | |
| **PENNSYLVANIA:** | | Alexander T. Korn<br>Deputy Attorney General<br>Office of the Attorney General of Pennsylvania<br>15th Floor, Strawberry Square<br>Harrisburg, PA 17120 |
| | | |
| **RHODE ISLAND:** | | Shannon Haibon<br>Special Assistant Attorney General<br>Office of the Attorney General of Rhode Island<br>150 South Main Street<br>Providence, RI 02903 |
| | | |
| **SOUTH CAROLINA:** | | James Emory Smith - Deputy Solicitor General<br>Office of the Attorney General of South Carolina<br>P.O. Box 11549<br>Columbia, SC 29211<br><br>*South Carolina State Election Commission<br>Attention:  Elections Division<br>Post Office Box 5987<br>Columbia, SC 29250-5987<br>Telephone:  (803) 734-9060 |
| | | |
| **TEXAS:** | | Anne Marie Mackin<br>Assistant Attorney General<br>Office of the Attorney General of Texas<br>P.O. Box 12548 – Capitol Station<br>Austin, Texas 78711 |
| | | |
| **VERMONT:** | | Benjamin D. Battles<br>Solicitor General<br>Office of the Attorney General of Vermont<br>109 State Street<br>Montpelier, VT 05609 |

12

| | | |
|---|---|---|
| **WISCONSIN:** | | Wisconsin Elections Commission<br>Attention:  Elections Division<br>Post Office Box 7984<br>Madison, Wisconsin 53707 |
| **MAINE:** | | Maine State Department of Elections<br>Office of the Secretary of State<br>Attention: Division of Elections<br>101 State House Station<br>Augusta, ME 04333-0101 |
| **NEW MEXICO:** | | Bureau of Elections<br>New Mexico Capitol Annex North<br>325 Don Gaspar – Suite 300<br>Santa Fe, New Mexico 87501 |
| **VIRGINIA:** | | Virginia Department of Elections<br>Attention: Elections Division<br>Washington Building, First Floor<br>1100 Bank Street<br>Richmond, Virginia 23219 |