UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
HENRY F. HEWES,

                      Plaintiff,

       -v-

ALABAMA SECRETARY OF STATE, et al.,

                      Defendants.
------------------------------------------------------------------X

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 7/23/2020

19-cv-9158 (LJL)

OPINION AND ORDER

LEWIS J. LIMAN, United States District Judge:

      Plaintiff Henry Hewes ("Plaintiff") brings an action, pro se, against 44 state officials and agencies seeking declaratory and injunctive relief establishing Plaintiff's right to appear as a candidate on the ballot in the Democratic Party primary election being held in the home state of each Defendant. A subset of the Defendants has jointly moved to dismiss the action under Federal Rules of Civil Procedure 12(b)(1), (2), and (6). For the following reasons, Defendants' motion to dismiss the Complaint is granted as to the claims against them. As to the remaining Defendants, Plaintiff is ordered to show cause why the claims should not be dismissed for lack of personal jurisdiction, as elaborated below.

## BACKGROUND

      This action was commenced by a complaint filed on October 3, 2019. *See* Dkt. No. 2. ("Original Complaint"). The case was assigned to the Honorable Jesse M. Furman. On November 27, 2019, Plaintiff filed a letter claiming that because the secretaries of state of the various states named in the complaint were "proceeding to set the ballots for various primaries," which ballots would not include Plaintiff as a candidate, Plaintiff would be harmed. *See* Dkt. Nos. 35, 36. Plaintiff requested "permission from [the] court to submit an Order to Show Cause

as to why the states should not be ordered to place [Plaintiff's] name on the various ballots until the case is finally adjudicated." *Id*.  By a different letter filed on the same day, Plaintiff requested a telephone conference at which to discuss the requested Order to Show Cause.  *See* Dkt. No. 37.  On December 2, 2019, Plaintiff filed a proposed Restraining Order and Order to Show Cause why preliminary relief should not be granted.  On December 3, 2019, Judge Furman entered an Order denying Plaintiff's request for an Order to Show Cause "in the absence of any showing that Plaintiff is likely to suffer irreparable harm and that he is likely to succeed on the merits of his case." *See* Dkt. No. 41 (quoting *UBS Fin. Serv's., Inc. v. W.V. Univ. Hosp., Inc.*, 660 F. 3d 643, 648 (2d Cir. 2011)).  The Court invited Plaintiff to move for preliminary relief, noting "[i]f Plaintiff believes that he is entitled to relief, he may file an appropriate motion seeking such relief . . . Plaintiff's request for an order to show cause is denied, as is his request for a telephone conference." *Id*.  Plaintiff has since made no such motion.

On December 19, 2019, the following Defendants jointly filed a motion to dismiss:[1] Illinois Secretary of State; Alabama Secretary of State; Connecticut Secretary of State; Colorado Secretary of State; Delaware Secretary of State; Idaho Secretary of State; Maryland Secretary of State; Massachusetts Secretary of State; Michigan Secretary of State; Nebraska Secretary of State; New Jersey Division of Revenue; New York Department of State ("NYS DOS"); Pennsylvania Secretary of State; Rhode Island Secretary of State; South Carolina Secretary of State; Texas Secretary of State; and Vermont Secretary of State; Virginia Secretary of State; West Virginia Secretary of State; Washington Secretary of State; Wisconsin Secretary of State

---

[1] Although the docket caption states that the motion is made "on behalf of all defendants," this is not reflected anywhere in the motion itself, and not every Defendant signed the motion. Therefore, the Court construes the motion to have been made only by the Defendants here identified.  *See* Dkt. Nos. 54-55.

(collectively and together with the Maine State Department, "Moving Defendants"). *See* Dkt. Nos. 54-55. As authorized by an Order of the Court, Dkt. No. 57, Plaintiff filed an Amended Complaint on January 22, 2020. Dkt. No. 59 ("Amended Complaint"). On February 4, 2020, the case was reassigned to the undersigned. On February 10, 2020, the parties to the original motion to dismiss filed a letter with the Court stating that Defendants would rely on their previously-filed motion to dismiss. Dkt. No. 61. By Order of the Court on March 10, 2020, Defendant Maine State Department was permitted to join and adopt Defendants' motion to dismiss. By Order of the Court on April 10, 2020, Plaintiff's time to file a brief opposing the motion to dismiss was extended to May 8, 2020. Plaintiff filed no opposition brief, and the motion remains unopposed.

In the Amended Complaint, Plaintiffs argue that Defendants have placed undue burdens on ballot access for candidates for public office, in violation of Plaintiff's constitutional rights under the First and Fourteenth Amendments. The Amended Complaint spends more time asserting the illegality of ballot access restrictions than detailing the particular circumstances giving rise to Plaintiff's claim. In the main, the Amended Complaint levies arguments that ballot access is a fundamental constitutional right; that it would not be a burden on the Defendants to permit Plaintiff to appear on the Democratic Primary ballot in their respective states; that a variety of complex qualifications pose obstacles for any candidate wishing to appear on the ballot; that these qualifications include fundraising requirements, approval of the Democratic Party, a determination by each respective Secretary of State that the candidate is publicly known, and ballot access fees; and that these requirements result in a very small number of primary candidates appearing in all 50 states. *See* Amended Complaint ¶¶ 12-13, 15, 17, 20, 22.

The Amended Complaint contains only very sparse factual allegations about Plaintiff

himself and his efforts to gain access to the ballot in the various states whose officers he is suing. The Amended Complaint does aver that Plaintiff registered his candidacy for the Democratic Nomination for President of the United States with the Federal Election Commission, and "is recognized by the FEC [Federal Elections Commission] as a candidate." *Id.* ¶ 23. The Amended Complaint further states that Plaintiff "has requested that his name be placed on each of the [state] ballots" and that he "will campaign in each of the fifty states either personally or digitally," *id.* ¶ 24, and that absent the relief sought, Plaintiff would "lose his opportunity to appear on the ballot in each of the fifty states" in violation of his constitutional rights. *Id.* ¶ 23.

## DISCUSSION

For the following reasons, Plaintiff's claims against out-of-state Moving Defendants are dismissed for lack of personal jurisdiction. Plaintiff's claims against the New York Secretary of State must be dismissed for inadequate service of process. As to the non-moving Defendants, if Plaintiff wishes to prosecute his claim he is ordered to show cause why his remaining claims should not be dismissed for lack of personal jurisdiction.

### A. The Court Lacks Personal Jurisdiction Over the Out-of-State Moving Defendants

The Moving Defendants argue, *inter alia*, that the Court lacks personal jurisdiction over each of the out-of-state Moving Defendants. *See* Dkt. No. 55 at 4-7. "To defeat a motion to dismiss for lack of personal jurisdiction, a plaintiff 'must make a prima facie showing that jurisdiction exists. Such a showing entails making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant.'" *Charles Schwab Corp. v. Bank of Am. Corp.*, 883 F.3d 68, 81 (2d Cir. 2018) (quoting *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 34–35 (2d Cir. 2010)).

To hold that the Court has personal jurisdiction over a non-domiciliary in a case

involving a federal question, the Court must engage in a two-step analysis: first, the Court must determine whether jurisdiction exists under New York's long-arm statute; then the Court must determine whether personal jurisdiction comports with the Due Process Clause of the United States Constitution.  *Chloe v. Queen Bee of Beverly Hills*, LLC, 616 F.3d 158, 163–164 (2d Cir. 2010).  In the instant case, there is no basis for personal jurisdiction as to the out-of-state defendants under New York's long arm statute; therefore, the Court need not reach the second step.

Defendants correctly argue that Plaintiff fails to plead either general or specific personal jurisdiction under New York's long-arm statute.  Under N.Y. C.P.L.R. § 301, the Court may exercise general jurisdiction over a defendant if that defendant is "engaged in such a continuous and systematic course of 'doing business' here [in NY] as to warrant a finding of its 'presence' in this jurisdiction."  *JW Oilfield Equip., LLC v. Commerzbank, AG*, 764 F. Supp. 2d 587, 592 (S.D.N.Y. 2011) (citation omitted).  In addition, N.Y. C.P.L.R. § 302(a) provides for specific jurisdiction over any non-domiciliary who, in person or through an agent:

> 1. transacts any business within the state or contracts anywhere to supply goods or services in the state; or
> 2. commits a tortious act within the state, except as to a cause of action for defamation of character arising from the act; or
> 3. commits a tortious act without the state causing injury to person or property within the state, except as to a cause of action for defamation of character arising from the act, if he
>> (i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered, in the state, or
>> (ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce; or
> 4. owns, uses or possesses any real property situated within the state. . . .

Even under the liberal construction the Court must apply to a pro se Plaintiff's complaint, *see Lerman v. Bd. of Elections in City of New York*, 232 F.3d 135, 139–40 (2d Cir. 2000),

Plaintiff has pled no facts sufficient to make out a prima facie case for personal jurisdiction over the out-of-state Moving Defendants. *See Charles Schwab Corp.* 883 F.3d at 81. The Amended Complaint states that "the [Secretaries of State] of states outside of [New York] mentioned in [the Amended Complaint] are subject to the jurisdiction of the court as governmental entities taking action [that] will infringe on the civil rights of the plaintiff in the several states." Amended Complaint ¶ 5. This conclusory assertion is insufficient to meet Plaintiff's burden of making out a prima facie case to defeat the motion to dismiss for lack of jurisdiction. There is no allegation that the out-of-state Moving Defendants transact business of any kind in New York, that they have committed a tortious act of any kind, that they own property within the state, or any other allegation that could support a finding of personal jurisdiction for a non-domiciliary. As to the out-of-state Moving Defendants, therefore, the complaint is dismissed without prejudice for lack of personal jurisdiction.

### B. The Claims Against the New York Department of State Are Dismissed for Failure to Serve Process.

The Court may not exercise personal jurisdiction over a Defendant against whom procedurally proper service has not been effectuated. *See Licci ex rel. Licci v. Lebanese Canadian Bank, SAL*, 673 F.3d 50, 59 (2d Cir. 2012) ("[L]awful exercise of personal jurisdiction by a federal court requires . . . [*inter alia* that] the plaintiff's service of process upon the defendant must have been procedurally proper.").

Rule 4 of the Federal Rules of Civil Procedure governs the proper procedure for service. Rule 4 provides that service upon a state or state, a municipal corporation, or any other state-created governmental organization must be made by either "(A) delivering a copy of the summons and of the complaint the chief executive officer of the defendant; or (B) serving a copy

of each in the manner prescribed by that state's law for serving a summons or like process on such a defendant." Fed. R. Civ. P. 4(j)(2).

Under New York state law, service on an agency of the State of New York must be made by either: (1) delivery of the summons and complaint to a specifically designated agent of NYS DOS; or (2) receipt by the NYS DOS of the summons and complaint as sent by certified mail, return receipt requested, to the NYS DOS in an envelope bearing the legend "URGENT LEGAL MAIL" *and delivery of the summons and complaint to the New York State Office of the Attorney General* ("NYS OAG"). N.Y. C.P.L.R. § 307(2).

Finally, Fed. R. Civ. P. 4(l) requires, in the absence of a waiver of service, that proof of service be made to the court.

The certificate of service as to the Original Complaint filed on October 23, 2019 avers that service was effectuated "by depositing [a copy of the Summons and Complaint] in the U.S. Mail at the United States Post Office." Dkt. No. 4. There was no certificate of service filed as to the Amended Complaint. The Amended Complaint includes the statement, "[T]his amended complaint has been served on the appropriate entities in the states of Delaware, Illinois, New York, South Carolina, Maine, New Jersey, New Mexico, Virginia, and Wisconsin," Amended Complaint ¶ 6, and contains a table with the addresses of the offices of various Defendants. But there is no proof that proper service of the Amended Complaint was effectuated or attempted. *See* Fed. R. Civ. P. 4(l)(1) ("Unless service is waived, proof of service must be made to the court. Except for service by a United States marshal or deputy marshal, proof must be by the server's affidavit.")

In particular, there is no indication anywhere on the record that Plaintiff delivered either the Original Complaint or the Amended Complaint to the NYS OAG. Counsel for Defendant

NYS DOS averred in a pre-motion letter that "NYS DOS does not have a record of the receipt of the summons and complaint and the NYS [Office of the Attorney General] has no record of delivery of the summons and complaint." Dkt. No. 9. Service on the NYS DOS is therefore inadequate. *See Muhammad v. Annucci*, 2020 WL 264104, at *7 (S.D.N.Y. Jan. 17, 2020), *report and recommendation adopted*, 2020 WL 1303571 (S.D.N.Y. Mar. 19, 2020) (finding improper service on a state agency where service was made only by certified mail). Because Plaintiff has not made proper service on Defendant NYS DOS, Plaintiff's claim against Defendant NYS DOS is dismissed without prejudice.

    C. **The Claims Against the Non-Moving Parties**

There remain claims against those Defendants that did not join the motion to dismiss, which include: Arizona Corporation Commission; Arkansas Secretary of State; California Secretary of State; District of Columbia Consumer & Regulatory Affairs; Florida Secretary of State; Georgia Secretary of State; Indiana Secretary of State; Iowa Secretary of State; Louisiana Secretary of State; Minnesota Secretary of State; Missouri Corporations Division; Mississippi Secretary of State; Montana Secretary of State; New Mexico Corporations Division; North Carolina Secretary of State; Ohio Secretary of State; Oklahoma Secretary of State; Oregon Secretary of State; South Dakota Secretary of State; Tennessee Secretary of State; Utah Department of Commerce; and Wyoming Secretary of State (collectively, "Non-Moving Defendants").

As to the Non-Moving Defendants, all of whom are out of state, the same deficiencies appear to apply with respect to personal jurisdiction as apply to the out-of-state Moving

Defendants.[2]  In this circumstance, it would seem that the most efficient resolution for all parties would be for the Court to dismiss the claims against these Defendants *sua sponte*.  However, *sua sponte* dismissal for lack of personal jurisdiction is generally only resorted to upon a motion for default judgment.  *See, e.g. Weitsman v. Levesque*, 2019 WL 7503022, at *2-3 (N.D.N.Y. Jan. 11, 2019); *de Ganay v. de Ganay*, 2012 WL 6097693, at *8 (S.D.N.Y. Dec. 6, 2012); *Hood v. Ascent Med. Corp.* 2016 WL 1366920, at *1, 7-14 (S.D.N.Y. Mar. 3, 2016), *report and recommendation adopted*, 2016 WL 3453656 (S.D.N.Y. June 20, 2016), *aff'd*, 691 F. App'x 8 (2d Cir. 2017) (vacating a prior default judgment and dismissing *sua sponte* for lack of personal jurisdiction).  No motion for default judgment has been made here.

Nevertheless, it is in the power of the Court to order Plaintiff to show cause why all of the claims against the Non-Moving Defendants should not be dismissed for lack of personal jurisdiction.  *See Sinoying Logistics Pte Ltd v. Yi Da Xin Trading Corp*., 619 F.3d 207, 312 (2d Cir. 2010) (affirming dismissal of claims against non-appearing defendants after plaintiff could not demonstrate that personal jurisdiction existed, reasoning that "[i]t was . . . correct for the District Court—in anticipation of an eventual motion for default judgment—to inquire into its personal jurisdiction over [defendants] and to order [plaintiffs] to show cause why the complaint should not be dismissed") (citations omitted); *de Ganay*, 2012 WL 6097693, at *8 (reasoning that *sua sponte* dismissal was appropriate, in part, because the plaintiff "had a full and fair

---

[2] None of the Non-Moving Defendants has appeared in the case or answered the Original Complaint or Amended Complaint.  It is entirely possible that the same service of process issues as apply to the NYS DOS also apply to some or all of the Non-Moving Defendants.  However, "[s]ua sponte dismissal prior to service of process upon defendants is strongly disfavored in this circuit," *Robles v. Coughlin*, 725 F.2d 12, 13 (2d Cir. 1983), and "notice to the plaintiff must be given prior to a sua sponte dismissal [for inadeuqate service of process]." *Thompson v. Maldonado*, 309 F.3d 107, 110 (2d Cir. 2002) (citing Fed. R. Civ. P. 4(m)).  At this stage the Court need not reach the question of service as to the Non-Moving defendants.

opportunity, which she opted not to avail herself of, to demonstrate that personal jurisdiction exist[ed]").

Accordingly, if Plaintiff intends to prosecute his claim against the Non-Moving Defendants, he is ordered to show cause, within 60 days of this Opinion and Order, why the claims against the Non-Moving Defendants should not be dismissed for lack of personal jurisdiction.

## CONCLUSION

For the foregoing reasons, it is hereby ORDERED that the claims against the Moving Defendants are DISMISSED without prejudice. If Plaintiff intends to prosecute his claim against the Non-Moving Defendants, he is ORDERED to show cause, within 60 days of this Opinion and Order, why the claims against the Non-Moving Defendants should not be dismissed for lack of personal jurisdiction.

A copy of this Order will be mailed to Plaintiff by the Court's chambers.

The Clerk of Court is respectfully directed to close the motion at Dkt. No. 54.

SO ORDERED.

Dated: July 23, 2020
New York, New York

LEWIS J. LIMAN
United States District Judge